IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **JOANNA M.**[1], <br><br> Plaintiff, <br><br> v. <br><br> **KILOLO KIJAKAZI,** Acting Commissioner of Social Security, <br><br> Defendant. | Case No. 6:21-cv-653-SI <br><br> **OPINION AND ORDER** |

Robyn M. Rebers, ROBYN M. REBERS LLC, P.O. Box 3530 Wilsonville, OR 97070. Of Attorneys for Plaintiff.

Natalie K. Wight, United States Attorney, and Renata Gowie, Civil Division Chief, UNITED STATES ATTORNEY'S OFFICE, 1000 SW Third Avenue, Suite 600, Portland, OR 97204; Stephen F. Dmetruk, Jr., Special Assistant United States Attorney, OFFICE OF GENERAL COUNSEL, Social Security Administration, 701 Fifth Avenue, Suite 2900 M/S 221A, Seattle, WA 98104. Of Attorneys for Defendant.

**Michael H. Simon, District Judge.**

Plaintiff Joanna M. seeks judicial review of the final decision of the Commissioner of the

Social Security Administration (Commissioner) denying Plaintiff's application for disability

---

[1] In the interest of privacy, this Opinion and Order uses only the first name and the initial of the last name of the non-governmental party in this case. When applicable, this Opinion and Order uses the same designation for a non-governmental party's immediate family member.

PAGE 1 – OPINION AND ORDER

insurance benefits (DIB) under Title II of the Social Security Act (Act). For the reasons stated below, the Court affirms the Commissioner's decision.

## STANDARD OF REVIEW

The district court must affirm the Commissioner's decision if it is based on the proper legal standards and the findings are supported by substantial evidence. 42 U.S.C. § 405(g); *see also Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). "Substantial evidence" means "more than a mere scintilla but less than a preponderance." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009) (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quoting *Andrews*, 53 F.3d at 1039).

When the evidence is susceptible to more than one rational interpretation, the Court must uphold the Commissioner's conclusion. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is a rational reading of the record, and this Court may not substitute its judgment for that of the Commissioner. *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193, 1196 (9th Cir. 2004). "[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (quoting *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (quotation marks omitted)). A reviewing court, however, may not affirm the Commissioner on a ground upon which the Commissioner did not rely. *Id.*; *see also Bray*, 554 F.3d at 1226.

## BACKGROUND

### A. Plaintiff's Application

On March 26, 2015, Plaintiff applied for DIB, alleging disability beginning January 19, 2015, and a date last insured (DLI) of December 31, 2019. AR 312. Plaintiff was born on May 22, 1967, and she was 48 years old at the time of her alleged onset date. AR 346.

The Commissioner denied her claim initially on June 3, 2015, and upon reconsideration on December 18, 2015. AR 117-18. Following a hearing, Administrative Law Judge (ALJ) Gerald J. Hill issued a decision on July 31, 2018, finding Plaintiff not disabled through the date of the decision. AR 130-47. The Appeals Council granted review of that decision and remanded for a new hearing on August 22, 2019. AR 153-55. A new hearing was held on May 26, 2020, and ALJ Richard Geib issued a decision on June 29, 2020, finding Plaintiff not disabled through the DLI. AR 161-79. The Appeals Council again granted review. AR 306-09. On April 6, 2021, the Appeals Council issued a decision extending Plaintiff's DLI to September 20, 2020, and finding Plaintiff not disabled through the date of the second ALJ's decision. AR 1-8. Accordingly, the Appeals Council's April 6, 2021, decision is the final decision of the agency, and Plaintiff now seeks judicial review of that decision.

### B. The Sequential Analysis

A claimant is disabled if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A). "Social Security Regulations set out a five-step sequential process for determining whether an applicant is disabled within the meaning of the Social Security Act." *Keyser v. Comm'r Soc. Sec. Admin.*, 648 F.3d 721, 724 (9th Cir. 2011); *see also* 20 C.F.R. §§ 404.1520 (DIB), 416.920 (SSI); *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). Each step is

PAGE 3 – OPINION AND ORDER

potentially dispositive. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The five-step sequential process asks the following series of questions:

1. Is the claimant performing "substantial gainful activity?" 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). This activity is work involving significant mental or physical duties done or intended to be done for pay or profit. 20 C.F.R. §§ 404.1510, 416.910. If the claimant is performing such work, she is not disabled within the meaning of the Act. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If the claimant is not performing substantial gainful activity, the analysis proceeds to step two.

2. Is the claimant's impairment "severe" under the Commissioner's regulations? 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). An impairment or combination of impairments is "severe" if it significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1521(a), 416.921(a). Unless expected to result in death, this impairment must have lasted or be expected to last for a continuous period of at least 12 months. 20 C.F.R. §§ 404.1509, 416.909. If the claimant does not have a severe impairment, the analysis ends. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant has a severe impairment, the analysis proceeds to step three.

3. Does the claimant's severe impairment "meet or equal" one or more of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, then the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairment does not meet or equal one or more of the listed impairments, the analysis continues. At that point, the ALJ must evaluate medical and other relevant evidence to assess and determine the claimant's "residual functional capacity" (RFC). This is an assessment of work-related activities that the claimant may still perform on a regular and continuing basis, despite any limitations imposed by his or her impairments. 20 C.F.R. §§ 404.1520(e), 404.1545(b)-(c), 416.920(e), 416.945(b)-(c). After the ALJ determines the claimant's RFC, the analysis proceeds to step four.

4. Can the claimant perform his or her "past relevant work" with this RFC assessment? If so, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant cannot perform his or her past relevant work, the analysis proceeds to step five.

5. Considering the claimant's RFC and age, education, and work experience, is the claimant able to make an adjustment to other work that exists in

> significant numbers in the national economy? If so, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v), 404.1560(c), 416.960(c). If the claimant cannot perform such work, he or she is disabled. *Id.*

*See also Bustamante v. Massanari*, 262 F.3d 949, 954 (9th Cir. 2001).

The claimant bears the burden of proof at steps one through four. *Id.* at 953; *see also Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999); *Yuckert*, 482 U.S. at 140-41. The Commissioner bears the burden of proof at step five. *Tackett*, 180 F.3d at 1100. At step five, the Commissioner must show that the claimant can perform other work that exists in significant numbers in the national economy, "taking into consideration the claimant's residual functional capacity, age, education, and work experience." *Id.*; *see also* 20 C.F.R. §§ 404.1566, 416.966 (describing "work which exists in the national economy"). If the Commissioner fails to meet this burden, the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If, however, the Commissioner proves that the claimant is able to perform other work existing in significant numbers in the national economy, the claimant is not disabled. *Bustamante*, 262 F.3d at 953-54; *Tackett*, 180 F.3d at 1099.

## C. Appeals Council Decision

The Appeals Council ultimately concluded that Plaintiff has not been disabled at any time since her alleged onset date through the ALJ's decision on June 29, 2020. AR 6. The Appeals Council declined to adopt the ALJ's determination of the DLI of December 31, 2019. AR 4. The Appeals Council instead found that Plaintiff met the insured requirements of the act through September 30, 2020, so the ALJ's decision did properly consider whether Plaintiff was disabled during the entire relevant period. *Id.* In concluding that Plaintiff has not been disabled during the relevant period, the Appeals Council adopted the ALJ's step two, step three, RFC, step four, and step five findings. AR 5-6. The Appeals Council also adopted the ALJ's conclusions concerning

Plaintiff's symptom testimony, the relevant medical opinion evidence, and prior administrative medical findings. AR 5. The Appeals Council considered the medical record for the entire relevant period, including the unadjudicated period after the ALJ's decision. *Id.*

The Appeals Council adopted the following findings from the ALJ's 2020 decision: (1) that Plaintiff had not engaged in substantial gainful activity since her alleged onset date, *id.*; (2) that Plaintiff has the following severe impairments: "obesity and lumbar and cervical spine conditions," *id.*; and (3) that Plaintiff's impairments did not meet or equal the severity of any impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. *id.*

Next, the Appeals Council adopted the ALJ's finding that Plaintiff had the RFC to perform light work as defined in 20 CFR 404.1567(b) with the following limitations:

> she can stand and walk for four hours, sit up to six hours in an 8-hour workday, and perform work that allows for changes in position between sitting and standing while remaining on task; stay in one position for 30-60 minutes then briefly change positions; occasionally climb ramps and stairs; can never climb ladders, ropes or scaffolds; can occasionally balance[,] stoop, kneel, crouch, and crawl; she must avoid moderate exposure to hazards such as dangerous moving machinery and unprotected heights; can occasionally reach overhead with the left upper extremity; can frequently handle and finger with the left hand.

*Id.* The Appeals Council determined that Plaintiff's alleged symptoms are not consistent with or supported by the record evidence for the reasons identified by the ALJ. *Id.*

Based on Plaintiff's limitations, the Appeals Council adopted the ALJ's finding at step four that Plaintiff could perform her past relevant work as a home health aide, unit secretary, and general office clerk. *Id.* The Appeals Council also adopted the ALJ's finding at step five that, considering Plaintiff's age, education, work experience, and RFC, Plaintiff could perform jobs that exist in significant numbers in the national economy, including an office helper, hand

packager-inspector, and tanning salon attendant. AR 8. The Appeals Council thus concluded that Plaintiff was not disabled at any time from January 19, 2015, through June 29, 2020. *Id.*

## DISCUSSION

Plaintiff argues that the ALJ, whose findings were adopted by the Appeals Council, erred in three ways: (A) improperly rejecting Plaintiff's subjective symptom testimony; (B) improperly evaluating the medical opinion evidence; and (C) computing Plaintiff's RFC in a way that does not comport with substantial evidence. Plaintiff asks the Court to remand the case for an award of benefits.

### A.  Plaintiff's Symptom Testimony

A claimant "may make statements about the intensity, persistence, and limiting effects of his or her symptoms." SSR 16-3p, 2017 WL 5180304, at *6 (Oct. 25 2017).[2] There is a two-step process for evaluating a claimant's testimony about the severity and limiting effect of the claimant's symptoms. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment 'which could reasonably be expected to produce the pain or other symptoms alleged.'" *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007) (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991) (en banc)). When doing so, "the claimant need not show that her impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom." *Smolen v. Chater*, 80 F.3d 1273, 1282 (9th Cir. 1996).

---

[2] Effective March 28, 2016, Social Security Ruling (SSR) 96-7p was superseded by SSR 16-3p, which eliminates the term "credibility" from the agency's sub-regulatory policy. SSR 16-3p; Titles II and XVI: Evaluation of Symptoms in Disability Claims, 81 Fed. Reg. 14166 (Mar. 16, 2016). Because, however, case law references the term "credibility," it may be used in this Opinion and Order.

"Second, if the claimant meets this first test, and there is no evidence of malingering, 'the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so.'" *Lingenfelter*, 504 F.3d at 1036 (quoting *Smolen*, 80 F.3d at 1281). It is "not sufficient for the ALJ to make only general findings; he must state which pain testimony is not credible and what evidence suggests the complaints are not credible." *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993). Those reasons must be "sufficiently specific to permit the reviewing court to conclude that the ALJ did not arbitrarily discredit the claimant's testimony." *Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1995) (citing *Bunnell*, 947 F.2d at 345-46).

Consideration of subjective symptom testimony "is not an examination of an individual's character," and requires the ALJ to consider all of the evidence in an individual's record when evaluating the intensity and persistence of symptoms. SSR 16-3p, *available at* 2016 WL 1119029, at *1-2. The Commissioner recommends that the ALJ examine "the entire case record, including the objective medical evidence; an individual's statements about the intensity, persistence, and limiting effects of symptoms; statements and other information provided by medical sources and other persons; and any other relevant evidence in the individual's case record." *Id.* at *4. The Commissioner further recommends assessing: (1) the claimant's statements made to the Commissioner, medical providers, and others regarding the claimant's location, frequency and duration of symptoms, the impact of the symptoms on daily living activities, factors that precipitate and aggravate symptoms, medications and treatments used, and other methods used to alleviate symptoms; (2) medical source opinions, statements, and medical reports regarding the claimant's history, treatment, responses to treatment, prior work record, efforts to work, daily activities, and other information concerning the intensity, persistence, and

limiting effects of an individual's symptoms; and (3) non-medical source statements, considering how consistent those statements are with the claimant's statements about his or her symptoms and other evidence in the file. *See id.* at *6-7.

The ALJ's decision relating to a claimant's subjective testimony may be upheld overall even if not all the ALJ's reasons for discounting the claimant's testimony are upheld. *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1197 (9th Cir. 2004). The ALJ may not, however, discount testimony "solely because" the claimant's symptom testimony "is not substantiated affirmatively by objective medical evidence." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006).

At her first hearing in 2018, Plaintiff testified that she experiences back pain, migraine headaches, and restless leg syndrome. AR 81. She testified that a sensitivity to opiates and a broken sleep pattern causes her migraines, which occur about once per week. AR 81-82. She noted that her restless leg syndrome medication impairs her cognition. AR 83. She testified that she seldom drives. *Id.* She also testified that her back pain interferes with her ability to sleep. AR 82-83. She testified that she takes medication for anxiety and depression and that her conditions are under control if she is careful. AR 87-88. Additionally, she indicated that her last job was as a caregiver for her mother, and Plaintiff stopped that job because she could no longer hold or lift her mother into the shower. AR 93, 96.

At the 2020 hearing, Plaintiff testified that she is unable to work due to back, hip, and leg pain and the side effects of her medications. AR 26. She testified that her opioid use caused headaches. AR 30. She further reported that she can only sit for up to ten to fifteen minutes, she lies on the floor about ten to fifteen times per day, and she sleeps several hours during the day.

AR 26-29, 32. She indicated that she can sometimes perform chores for a short time, and her daughter and sister help her with household chores. AR 33.

The ALJ determined that while Plaintiff's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms, her statements concerning the intensity, persistence, and limiting effects of her symptoms are not entirely consistent with the medical evidence and other evidence in the record. AR 168. Plaintiff argues that the ALJ did not provide clear and convincing reasons for rejecting her testimony. Specifically, she alleges that the ALJ failed to consider the two years of updated medical evidence contained in the record and that the ALJ improperly relied on Plaintiff's weight loss and physical therapy.

In this case, the ALJ provided specific, clear, and convincing reasons for rejecting Plaintiff's testimony. First, the ALJ appropriately considered Plaintiff's activities of daily living in discounting her symptom testimony. When assessing a plaintiff's testimony, the ALJ "may consider, among other factors, . . . the claimant's daily activities." *Rounds v. Comm'r Soc. Sec. Admin.*, 807 F.3d 996, 1006 (9th Cir. 2015) (internal quotation and citation omitted). Plaintiff consistently reported that she walked on a daily basis, including up to forty-five minutes to one hour each day. AR 522, 523, 531, 997; 1033-35. Following a sleeve gastrectomy in June 2018, Plaintiff reported by January 2019 that she was also engaging in swimming and yoga classes to stay physically active. AR 1191. Plaintiff also reported that she sat and watched television for up to three hours per day, used the computer, and drove. AR 997. Thus, the ALJ reasonably determined that Plaintiff's daily activities were inconsistent with her alleged limitations. AR 168, 170-171.

Second, the ALJ determined that Plaintiff's testimony was inconsistent with medical evidence. "Contradiction with the medical record is a sufficient basis for rejecting the claimant's

subjective testimony." *Carmickle v. Comm'r*, 533 F.3d 1155, 1161 (9th Cir. 2008). In this case, the ALJ recounted that although Plaintiff testified that she was told to walk less for exercise due to the pain that walking caused, the medical record indicated that was encouraged to engage in more exercise. AR 168 (citing AR 1033, 1035-36, 1037, 1039, 1059). Additionally, although Plaintiff told Dr. Janel Lawrence that she was not using her CPAP machine due to financial concerns, AR 701, Plaintiff later told Dr. Charmin Sagert, MD, that she had been unable to tolerate her CPAP machine. AR 694. These are inconsistent records.

Finally, an ALJ may consider the lack of corroborating objective medical evidence as a "relevant factor in determining the severity of the claimant's" alleged symptoms. *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001). The medical evidence through January 2020 indicated that Plaintiff had normal gait and coordination, normal range of motion in her hips, and she had 5/5 strength in her bilateral upper and lower extremities. AR 523, 693-94, 965, 982, 1319-20, 1637. Moreover, despite Plaintiff's testimony concerning her mental limitations, mental status examinations demonstrated unremarkable findings and noted Plaintiff's limited engagement with mental health treatment. AR 123-24, 523, 541-42, 553, 960. Although Plaintiff cites other medical records, the ALJ's interpretation of the medical evidence was rational and therefore must be upheld. *See Burch*, 400 F.3d at 679; *Batson*, 359 F.3d at 1193.

In sum, the ALJ provided clear and convincing reasons, supported by substantial evidence, for rejecting Plaintiff's subjective symptom testimony. Although Plaintiff may disagree with the ALJ's interpretation of the record, the ALJ's interpretation is supported by substantial evidence, which precludes the Court from engaging in second-guessing. *See Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) ("Where the evidence is susceptible to more than

one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld.").

## B. Medical Opinion Evidence

The ALJ is responsible for resolving conflicts in the medical record, including conflicts among physicians' opinions. *Carmickle*, 533 F.3d at 1164. The Ninth Circuit and the Commissioner[3] distinguish between the opinions of three types of physicians: treating physicians, examining physicians, and non-examining physicians. *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014). "Generally, a treating physician's opinion carries more weight than an examining physician's, and an examining physician's opinion carries more weight than a reviewing physician's." *Holohan v. Massanari*, 246 F.3d 1195, 1202 (9th Cir. 2001); *see also* 20 C.F.R. §§ 404.1527(c)(1)-(2); 416.927(c)(1)-(2). If a treating physician's opinion is supported by medically acceptable techniques and is not inconsistent with other substantial evidence in the record, a court gives the treating physician's opinion controlling weight. *Holohan*, 246 F.3d at 1202; see also 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2). A court may reject a treating doctor's uncontradicted opinion only for "clear and convincing" reasons. *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008). If the opinion of another physician contradicts a treating doctor's opinion, the ALJ must provide "specific and legitimate reasons" for discrediting the treating doctor's opinion. *Id.*

In addition, the ALJ generally must accord greater weight to the opinion of an examining physician than that of a non-examining physician. *Orn*, 495 F.3d at 631; *see also* 20 C.F.R. §§ 404.1527(c)(1), 416.927(c)(1). As is the case with the opinion of a treating physician, the ALJ

---

[3] Because Plaintiff filed her application before March 17, 2017, the application is governed by 20 C.F.R. §§ 404.1527 and 416.927, and the revised rules relating to the consideration of medical opinion testimony do not apply.

must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of an examining physician. *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990). If the opinion of another physician contradicts the opinion of an examining physician, the ALJ must provide "specific, legitimate reasons . . . supported by *substantial record evidence*" for discrediting the examining physician's opinion. *Lester v. Chater*, 81 F.3d 821, 831 (9th Cir. 1995) (emphasis added in *Lester*) (quoting *Roberts v. Shalala*, 66 F.3d 179, 184 (9th Cir. 1995), *as amended* (Oct. 23, 1995)). An ALJ may reject an examining, non-treating physician's opinion "in favor of a nonexamining, nontreating physician when he gives specific, legitimate reasons for doing so, and those reasons are supported by substantial record evidence." *Roberts*, 66 F.3d at 184.

Specific, legitimate reasons for rejecting a physician's opinion may include its reliance on a claimant's discredited subjective complaints, inconsistency with medical records, inconsistency with a claimant's testimony, inconsistency with a claimant's daily activities, or that the opinion is brief, conclusory, and inadequately supported by clinical findings. *Bray*, 554 F.3d at 1228; *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008); *Andrews*, 53 F.3d at 1042-43. An ALJ errs by rejecting or assigning minimal weight to a medical opinion "while doing nothing more than ignoring it, asserting without explanation that another medical opinion is more persuasive, or criticizing it with boilerplate language that fails to offer a substantive basis" for the ALJ's conclusion. *Garrison¸* 759 F.3d at 1012-13; *see also Smolen*, 80 F.3d at 1286 ("[The ALJ] did not discuss the opinions Dr. Smolen and Dr. Hoeflich offered in other letters. By disregarding those opinions and making contrary findings, he effectively rejected them. His failure to offer reasons for doing so was legal error.").

"An ALJ can satisfy the 'substantial evidence' requirement by 'setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation

thereof, and making findings." *Garrison*, 759 F.3d at 1012 (quoting *Reddick*, 157 F.3d at 725). In other words, "[t]he ALJ must do more than offer his conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct." *Reddick*, 157 F.3d at 725. "[T]he opinion of a non-examining medical advisor cannot by itself constitute substantial evidence that justifies the rejection of the opinion of an examining or treating physician." *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 602 (9th Cir. 1999) (citations omitted); *but see id.* at 600 (opinions of non-treating or nonexamining physicians may serve as substantial evidence when the opinions are consistent with independent clinical findings or other evidence in the record).

Plaintiff argues that the ALJ failed to provide specific and legitimate reasons for discounting the testimony of Plaintiff's treating physician, Dr. Janel Lawrence, MD, and failed to properly weigh various other medical opinions under the relevant regulations.

### 1. Janel Lawrence, MD[4]

#### a. 2018 Opinions

Plaintiff re-established primary care with Dr. Lawrence in January 2016 following an insurance change. AR 701. On March 19, 2018, Dr. Lawrence provided a functional assessment that outlined Plaintiff's limitations. AR 1019-22. Dr. Lawrence reported that Plaintiff could sit for two hours total in an eight-hour workday, could lift or carry less than ten pounds, could rarely perform postural activities, could not be exposed to extreme temperatures, and had limitations in her ability to reach, handle, finger, and feel. *Id.* In a letter drafted the following day, Dr. Lawrence summarized Plaintiff's functional limitations and indicated that Plaintiff was

---

[4] Dr. Lawrence's opinions conflicted with others in the record, including the opinion of Dr. Peter Bernardo, MD. *Compare* AR 1019-23, 1668-73, *with* AR 125-27.

unable to sustain employment. AR 1023. The ALJ afforded Dr. Lawrence's 2018 opinions little weight. AR 174-75.

The ALJ provided specific, legitimate reasons supported by substantial evidence for discounting Dr. Lawrence's opinion as Plaintiff's treating physician. The ALJ determined that Dr. Lawrence's opinion concerning the degree of Plaintiff's limitations was not consistent with the longitudinal treatment record. AR 174. In particular, Dr. Lawrence's opinion was inconsistent with evidence that Plaintiff experienced improvement with physical therapy and weight loss following gastric surgery. AR 1033, 1191, 1215. Additionally, an ALJ may discount a doctor's opinion when it conflicts with a claimant's activity level. *Ford v. Saul*, 950 F.3d 1141, 1154-55 (9th Cir. 2020). Dr. Lawrence's opinion that Plaintiff could only sit two hours total in a workday was inconsistent with Plaintiff's reported daily activities, which consisted of walking up to an hour daily and sitting up to three hours per day watching television. AR 522, 531, 997.

Additionally, the ALJ rejected Dr. Lawrence's March 20, 2018, opinion indicating that Plaintiff's limitations made her unable to sustain employment. The ALJ gave little weight to this opinion, noting that Dr. Lawrence's conclusion whether Plaintiff could sustain employment is reserved to the Commissioner, and Dr. Lawrence did not provide a specific assessment of Plaintiff's specific abilities or limitations. AR 175. An ALJ need not give special significance to an opinion on an issue reserved to the Commissioner, such as a conclusory statement that a claimant is disabled. 20 C.F.R. § 404.1527(d)(3); *see Hill v. Astrue*, 698 F.3d 1153, 1160 (9th Cir. 2012). As such, the ALJ did not err in rejecting either of Dr. Lawrence's 2018 opinions.

### b. 2020 Opinion

Plaintiff also argues that the ALJ's reasoning for rejecting Dr. Lawrence's 2020 opinion was not specific and legitimate. In May 2020, Dr. Lawrence provided an additional functional assessment for Plaintiff. Dr. Lawrence provided more restrictive limitations for Plaintiff than in

the 2018 function assessment. This opinion concluded that Plaintiff would be absent from work for more than two days per month, could sit less than one hour in a workday, could stand or walk less than two hours in a workday, and would need to alternate between sitting, standing, walking, and laying down to relieve her pain. AR 1668-69.

The ALJ again assigned little weight to Dr. Lawrence's opinion. AR 176. The ALJ reasoned that Dr. Lawrence's opinion did not comport with either the overall medical evidence record or the objective evidence in the record. *Id.*

Here, the ALJ also provided specific, legitimate reasons supported by substantial evidence for discounting Dr. Lawrence's 2020 opinion. As noted in discussing Dr. Lawrence's 2018 opinions, the ALJ again reasoned that Dr. Lawrence's 2020 opinion concerning Plaintiff's debilitating limitations was inconsistent with Plaintiff's activities of daily living, which included Plaintiff's exercise regime of yoga, walking, and swimming. AR 175-76 (citing AR 1191). Additionally, contrary to Dr. Lawrence's opinion, the medical evidence supported that Plaintiff's condition improved with treatment: In 2018, a physical therapy records noted that Plaintiff had positively benefited from physical therapy and experienced extended periods without pain for the first time in ten years, AR 1035, 1545; and a treatment provider noted in 2019 that Plaintiff had lost sixty-five pounds since surgery. AR 1191. As such, the ALJ did not err in assigning little weight to Dr. Lawrence's opinions.

    **2. Nonexamining Physicians**

First, Plaintiff argues that the ALJ committed reversible error in evaluating Dr. Neal Berner's, MD, opinion concerning how long Plaintiff could sit in a workday. In 2015, Dr. Berner opined that Plaintiff could sit for four hours in an eight-hour workday. AR 113. The ALJ initially summarized Dr. Berner's opinion correctly. AR 172. When the ALJ later explained that he afforded significant weight to Dr. Berner's opinion, however, the ALJ mistakenly noted that

PAGE 16 – OPINION AND ORDER

Dr. Berner's opinion was that Plaintiff could sit for six hours—as opposed to four hours—in an eight-hour workday. AR 173.

The ALJ did not commit harmful error. "A mere scrivener's error is not a basis to reverse the ALJ's decision." *Miller v. Colvin*, No. C15-5068 TSZ, 2015 WL 6455097, at *3 (W.D. Wash. Oct. 26, 2015), *aff'd sub nom. Miller v. Berryhill*, 686 F. App'x 478 (9th Cir. 2017) (citing *Poppa v. Astrue*, 569 F.3d 1167, 1172 n.5 (10th Cir. 2009)). Moreover, "legal errors [are] harmless where it was clear they did not alter the ALJ's decision." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012). Here, the ALJ's statement that Dr. Berner opined that Plaintiff could sit for six hours was a scrivener's error and does not present a basis to reverse the ALJ's decision. Moreover, any error was harmless given that the ALJ ultimately concluded that a finding that Plaintiff could sit up to six hours was consistent with a physical capacities evaluation in which Plaintiff demonstrated standing and walking capabilities consistent with light work. AR 173 (citing AR 967).

Second, Plaintiff argues that the ALJ erroneously relied on the 2015 opinions from Dr. Berner and Dr. Peter Bernardo, MD, because their opinions predated significant evidence in the record. As noted above, Dr. Berner provided his opinion in 2015. AR 113-14. Additionally, in 2015, Dr. Peter Bernardo opined that Plaintiff was limited to lifting twenty pounds occasionally, ten pounds frequently, standing and walking for four hours a day, and sitting for six hours per day. AR 125. The ALJ also assigned significant weight to Dr. Bernardo's opinion, reasoning that his findings were consistent with the longitudinal record showing that Plaintiff engaged in little treatment in 2015 and demonstrated improvement with weight loss and surgery. AR 173.

The ALJ did not commit harmful legal error in assigning significant weight to either Dr. Berner or Dr. Bernardo's opinions. As the final arbiter, the ALJ is responsible for reviewing the entire record. *Tommasetti*, 533 F.3d at 1041. Further, "because state agency review precedes ALJ review, there is always some time lapse between the consultant's report and the ALJ hearing and decision." *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 361 (3rd Cir. 2011). Thus, "[t]he Social Security regulations impose no limit on how much time may pass between a report and the ALJ's decision in reliance on it." *Id.* As such, the ALJ did not commit harmful error in weighing either Dr. Berner or Dr. Bernardo's opinions.

### 3. Cory Maughan, DO

Dr. Cory Maughan, DO, evaluated Plaintiff on May 16, 2015. AR 497-502. On examination, Dr. Maughan noted normal standing, sitting, and walking findings. *See* AR 498-501. In his functional assessment, Dr. Maughan opined that Plaintiff could stand or walk up to four hours in a workday, explaining that Plaintiff "states that that she is only able to stand or sit in one position for 5-10 minutes at a time without a significant exacerbation of her symptoms." AT 501. Dr. Maughan also noted that Plaintiff was limited to lifting 50 pounds occasionally and 25 pounds frequently.

The ALJ assigned partial weight to Dr. Maughan's opinion, rejecting the standing, walking, and sitting limitations given that they were based on Plaintiff's self-reports of her symptoms rather than Dr. Maughan's examination findings. AR 175. The ALJ also noted that Dr. Maughan's examination did not show any difficulty in these areas.

Plaintiff argues that because the ALJ improperly discredited Plaintiff's subjective testimony, the ALJ's rejection of Dr. Maughan's testimony was improper. Further, Plaintiff argues that Dr. Maughan's standing, walking, and sitting limitations also were based on objective findings.

PAGE 18 – OPINION AND ORDER

The ALJ did not err in rejecting Dr. Maughan's standing, walking, and sitting limitations. An ALJ may reject opinion evidence based, to a large extent, on a plaintiff's self-report of symptoms. *Tommasetti*, 533 F.3d at 1041. As already concluded above, the ALJ did not improperly discredit Plaintiff's subjective symptom testimony. Moreover, Dr. Maughan's reliance on objective findings was in the context of his evaluation of Plaintiff's motor skills, *see* AR 500, not Plaintiff's standing, walking, or sitting limitations. As such, the ALJ properly rejected that portion of Dr. Maughan's opinion.

### 4. Gary Long, Physical Therapist

In January 2018, Mr. Gary Long, a physical therapist, performed a physical work performance evaluation for Plaintiff. AR 964-68. Mr. Long opined that Plaintiff could perform work within the light range of exertion, including lifting up to twenty pounds occasionally, ten pounds frequently, and sitting and walking frequently. *Id.* Mr. Long further indicated that the test results were affected by Plaintiff's self-limiting behaviors, and the results indicated that she was capable of at least light level work. AR 964.

The ALJ afforded Mr. Long's opinion significant weight. AR 173-174. Plaintiff argues that the ALJ erred in affording significant weight to this opinion because Plaintiff performed well on the evaluation due to the efficacy of a steroid injection that she had received three days prior, so Plaintiff believes that her baseline functioning was actually less.

The ALJ did not err in affording weight to Mr. Long's opinion. Plaintiff believes that the evidence should have been evaluated differently in light of her steroid injection three days before the evaluation; however, the ALJ considered the effects of the steroid injection, noting that Plaintiff's "limit to light work accommodates any decrease in functioning the claimant experienced as the treatment from the injection wore off as it is balanced with the self-limiting behaviors observed and the subsequent improvement the claimant reported with physical therapy

and weight loss." AR 174. Further, the ALJ's reliance on Mr. Long's opinion was supported by substantial evidence. Evidence in the record demonstrated that Plaintiff's condition improved after Mr. Long's evaluation, and Plaintiff reported significant progress due to physical therapy four months after Mr. Long's evaluation. AR 1033. As such, the ALJ did not err.

**C. Plaintiff's Residual Functional Capacity**

Finally, Plaintiff argues that the ALJ's RFC finding is not supported by substantial evidence because the ALJ failed to include all Plaintiff's supported functional limitations based on Plaintiff's discredited symptom testimony and the rejected medical opinions. Plaintiff cannot establish that an RFC finding is incorrect merely by restating the argument that the ALJ improperly discounted other evidence *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1175-76 (9th Cir. 2008). Because the Court has concluded that the ALJ did not err in considering Plaintiff's symptom testimony or the medical opinion evidence, the ALJ did not err in evaluating Plaintiff's RFC.

## CONCLUSION

The Commissioner's decision that Plaintiff was not disabled is AFFIRMED.

**IT IS SO ORDERED**.

DATED this 30th day of August, 2022.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge